IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DORIS ISBELL and JAMES SCHNEIDER,**

**Plaintiffs,**

vs.

**ALLSTATE INSURANCE COMPANY,**

**Defendant.**                                              No. 01-CV-00252-DRH

## ORDER

**HERNDON, District Judge:**

Plaintiffs Doris Isbell ("Isbell") and James Schneider ("Schneider") initially filed suit with this Court, alleging claims that Defendant unlawfully discriminated against them in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), **29 U.S.C. §§ 621 *et seq.*** , and the Employee Retirement Income Security Act ("ERISA"), **29 U.S.C. §§ 1140 *et seq.*** (Isbell's Fourth Amended Complaint, No. 01-CV-0252, Doc. 48; Schneider's Complaint, No. 01-CV-0655, Doc. 1).[1] Both Plaintiffs further claimed Defendant unlawfully retaliated against them in violation of the Americans with Disabilities Act ("ADA"), **42 U.S.C. §§ 12101 *et seq.*** ,

---

[1] On March 4, 2002, the Court granted Defendant's motion to consolidate the cases of Isbell and Schneider for purposes of discovery, but leaving open only the issue of whether the two individual cases would remain consolidated for trial. (Doc. 60.)

1

Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 2000e**, ADEA, and ERISA.[2]

Ultimately, the Court granted summary judgment in favor of Defendant on all of Plaintiffs' claims, with the exception of Defendant's counterclaim for breach of contract against Schneider. (Doc. 281.)  Instead, the Court found that while Schneider had in fact breached the Release[3] he signed with Defendant, Defendant had failed to show it was entitled to any damages stemming from the breach.  (Docs. 281 & 302.)

After the district court decision, Isbell appealed the final judgment on her retaliation, discrimination, and ERISA claims, while Defendant appealed the judgment denying damages regarding its counterclaim against Schneider.  Schneider

---

[2] On Defendant's motion for summary judgment directed at Isbell's Fourth Amended Complaint (Doc. 48), the Court dismissed Isbell's claims for retaliation under both federal and state law (Doc. 177).

[3] Both Plaintiffs were formerly employees of Defendant.  In November 1999, Defendant publicly announced that it was launching a companywide "Preparing for the Future" Group Reorganization Program ("Program") (Doc. 177 at 3) to change the nature of its business relationship with those persons who sold Defendant insurance (*Id.*).  Essentially, Defendant would no longer sell its insurance though employees, who received company benefits, but would do so through a network of exclusive independent contractors (*Id.*).   As part of this Program, Defendant announced that it would terminate all of its approximately 6,400 employee agent contracts as of June 30, 2000 (Doc. 189, ¶ 3).  The termination decision affected all employees agents across-the-board regardless of age, productivity, performance, or any other criteria, and regardless of whether they subsequently signed any release (Def.'s Ex. 1, Attachment A).  As part of the Program, Defendant presented each affected employee with written information outlining four options for its discontinued employee agent contracts.  Schneider selected option 2, the sale option, allowing him to transition by selling his book of business to an approved buyer and then end his employment relationship with Defendant.  Along with this option, Schneider was required to sign the Election Form Release (the "Release"), which purported to waive any right such employee might have to sue Defendant, pursuant to, among other things, the ADEA, Title VII, the ADA, and ERISA  (Doc. 189, Def.'s Ex. 3).  Isbell selected option four, which only allowed her a base severance pay, but did not require her to sign the Release.  (*See* Docs. 281 & 302 for a more elaborate factual account of this case.)

did not file an appeal. This matter was reviewed on appeal by the United States Court of Appeals for the Seventh Circuit, which subsequently issued its opinion, dated August 15, 2005. **See Isbell v. Allstate Ins. Co., 418 F.3d 788 (7th Cir. 2005)**. Specifically, the Seventh Circuit found that the district court did not err in granting Defendant summary judgment on Isbell's retaliation, discrimination and ERISA claims, and therefore affirmed that part of the judgment. **Id. at 797**. However, the Seventh Circuit found that the district court erred in granting summary judgment in favor of Defendant on its counterclaim of breach of contract by Schneider. **Id. at 797**-98.

The Seventh Circuit reasoned that the Release was not, in essence, a covenant not to sue. **Id. at 797**. Therefore, Defendant could not claim Schneider had breached it. **Id.** At most, the Release served to provide Defendant with an affirmative defense in the event Schneider brought suit under matters covered within the scope of the Release. **Id.** Following this logic, the Seventh Circuit found that Schneider could not have breached the Release and that the grant of summary judgment in its favor on its breach of contract claim was inappropriate. **Id.** As such, the Seventh Circuit reversed the decision of the district court to that effect, ordering the district court to enter judgment on Defendant's breach of contract counterclaim in favor of Schneider. **Id. at 798**.

Upon this mandate from the Seventh Circuit, the Court hereby **DENIES** Defendant's motion for summary judgment regarding its counterclaim for breach of

contract against Schneider, finding instead, in favor of Schneider. The Clerk shall enter judgment in favor of Schneider and against Allstate on its claim.

**IT IS SO ORDERED.**

Signed this 1st day of November, 2005.

/s/          David RHerndon
**United States District Judge**